## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ACCORDANT COMMUNICATIONS, LLC,** | § § | |
| *Plaintiff* | § | |
| | § | **Case No. A-20-CV-548-LY-SH** |
| **v.** | § | |
| | § | |
| **BANK OF AMERICA, N.A.** | § | |
| *Defendant* | § | |

### O R D E R

Before the Court is Accordant Communications, LLC's ("Accordant") Petition for Writ of Garnishment, filed on May 20, 2020 (Dkt. 1). On May 27, 2020, the District Court referred the Petition to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

On December 6, 2017, Accordant filed an arbitration proceeding with the American Arbitration Association against Sayers Construction, LLC ("Sayers") pursuant to an arbitration clause contained in the parties' contract. On May 9, 2019, the Arbitration Tribunal issued its Final Arbitration Award, finding that Accordant was the prevailing party in the proceeding and awarding Accordant $459,392.09 in damages, $792,565 in attorneys' fees, $12,989.04 in litigation costs, $72,250 in arbitration expenses, $59,240.58 in prejudgment interest, and post-judgment interest.

Because Sayers refused to pay the judgment, Accordant filed a lawsuit in this Court to enforce the Arbitration Award. *See Accordant Commc'ns v. Sayers Constr.*, No. 1:19-CV-401-LY (W.D. Tex. Apr. 10, 2019). On February 3, 2020, the District Court adopted the undersigned's Report and Recommendation and entered a Final Judgment in Accordant's favor, confirming the

Final Arbitration Award. *See* Dkt. 24. On March 4, 2020, Sayers filed a Notice of Appeal, but did not file a supersedeas bond to stay the execution of the Judgment. Regardless, Sayers has continued to refuse to pay the Judgment.

Accordant unsuccessfully attempted to conduct post-judgment discovery and seek other methods to recover on the Judgment. On May 15, 2020, Accordant filed a Motion to Compel Post-Judgment Discovery under Federal Rule of Civil Procedure 69(a), asking the Court to compel Sayers to answer Accordant's post-judgment discovery and order Sayers' owner, Mark Sayers, to sit for a deposition on an expedited basis. On May 18, 2020, Sayers filed its brief with the Fifth Circuit, arguing for the first time that this Court never had diversity jurisdiction over this matter and, therefore, its Final Judgment must be vacated as void.

On June 9, 2020, the Court issued an Order dismissing the Motion to Compel without prejudice due to lack of jurisdiction. Dkt. 60. Specifically, the Court found that: "Because the jurisdictional issue on appeal is inextricably intertwined with whether this Court has jurisdiction to review the Motion to Compel, the Court finds the Notice of Appeal has divested this Court of jurisdiction to review the motion." *Id.* at 9. Accordingly, the Court dismissed without prejudice the Motion to Compel "subject to refiling after the Fifth Circuit enters its judgment." *Id.*

Based on the reasoning in the Court's Order dismissing Accordant's Motion to Compel Post-Judgment Discovery, Accordant's Petition for Garnishment (Dkt. 1) is **DISMISSED** without prejudice subject to refiling after the Fifth Circuit enters its judgment.

**SIGNED** on June 10, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE